UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IMAD SADKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.:** |
| v | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| MEDICREDIT, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant. | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

IMAD SADKA ("Plaintiff"), by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Hamden, Connecticut 06517.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its headquarters located at: 3 City Place Drive, Suite 690, St. Louis, Missouri 63141.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. Upon information and belief, the alleged debt arose out of transactions for personal, family and/or household purposes.

13. Beginning in or around August 2015 and continuing through September 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt owed by another person identified as "Ramos."

14. Plaintiff is not "Ramos" and does not know anyone by that name.

15. Upon the parties' initial communication, Plaintiff informed Defendant that it was calling the wrong person and that he did not know anyone by the name of "Ramos."

16. Further, Plaintiff instructed Defendant to stop calling him on his cellular telephone.

17. Defendant claimed that it would "remove the number" and the calls would stop.

18. However, Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone.

19. Rather, Defendant continued to call Plaintiff knowing that it was not the person that owed the alleged debt.

20. Defendant called Plaintiff, on average, twice a day on his cellular telephone.

21. When calling Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

22. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

23. Plaintiff knew that he was receiving automated calls and messages, as Defendant left voicemail messages on his cellular telephone and the message sounded like an automated recording as it was a computerized voice, not the voice of a real person.

24. Plaintiff never consented to automated calls to his cellular telephone.

25. Defendant did not have Plaintiff's consent to make automated calls to his cellular telephone.

26. Upon information and belief, Defendant conducts business in a manner which violates both the FDCPA and TCPA.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

27. Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on his cellular telephone and continuing to call Plaintiff about a debt of another person after being told to stop calling.

### COUNT II

28. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. § 1692f of the FDCPA.

   a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

## COUNT III

29. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

30. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

31. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

32. Despite the fact that Plaintiff never consented to Defendant placing calls to him, and Plaintiff having revoked any prior consent Defendant had been provided, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

33. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

34. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, IMAD SADKA , respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

  d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

  e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

  f. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, IMAD SADKA, demands a jury trial in this case.

    RESPECTFULLY SUBMITTED,

    IMAD SADKA
    By his Attorney,

    */s/ Angela K. Troccoli*
    Angela K. Troccoli, Esquire, Id# ct28597
    Kimmel & Silverman, PC
    *The New England Office*
    136 Main Street, Suite 301
    Danielson, CT 06239
    (860) 866-4380- direct dial
    (860) 263-0919- facsimile
    atroccoli@creditlaw.com

Dated: 11-10-15